**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50524 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00187-DSF |
| v. | |
| BYRON GEOVANY PAYES-CHINCHILLA, a.k.a. Rene Aguirre, a.k.a. Juan Gatica, a.k.a. Byron Payes, a.k.a. Geovany Payes, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted September 13, 2016 [**]

Before:     HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Byron Geovany Payes-Chinchilla appeals from the district court's judgment

and challenges his guilty-plea conviction and 46-month sentence for being an

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

illegal alien found in the United States after deportation, in violation of 8 U.S.C. § 1326. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Payes-Chinchilla's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Payes-Chinchilla the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Payes-Chinchilla waived his right to appeal his conviction, with the exception of an appeal based on a claim that his plea was involuntary. He also waived the right to appeal his sentence, with the exception of the court's calculation of his criminal history category. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable grounds for relief as to the voluntariness of Payes-Chinchilla's plea or the criminal history category calculated by the court. We therefore affirm as to those issues. We dismiss the remainder of the appeal in light of the valid appeal waiver. *See United States v. Watson*, 582 F.3d 974, 988 (9th Cir. 2009).

Counsel's motion to withdraw is **GRANTED.**

**AFFIRMED in part; DISMISSED in part.**